# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

IN RE:

TMARS LAVON MCCALLUM
Last four digits of social security #: 7113
STEPHANIE THOMPSON MCCALLUM
Last four digits of social security #: 1297
4993 Southgate Pkwy
Myrtle Beach, SC 29579

                    Debtors.

CASE NO: **19-03385-JW**
CHAPTER 13

## NOTICE OF OPPORTUNITY TO OBJECT

The debtors in the above captioned case filed a chapter 13 plan on July 9, 2019. The plan is attached.

**Your rights may be affected by the plan**. **You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing and filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtors, and any attorney for the debtors no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

Date:   July 9, 2019

         /s/ R. Michael Drose
         R. Michael Drose, District Court I.D. #609
         Drose Law Firm
         Attorneys for the Debtor
         3955 Faber Place Dr., Ste. 103
         Charleston, SC 29405
         843-767-8888; 843-620-1035 fax
         drose@droselaw.com

Debtor 1   TMARS LAVON MCCALLUM
      Last four digits of social security number: 7113

Debtor 2   STEPHANIE THOMPSON MCCALLUM
      Last four digits of social security number: 1297

      4993 Southgate Pkwy

      Myrtle Beach, SC 29579

United States Bankruptcy Court for the : District of South Carolina

Case number   __ 19-03385-JW _____

____ Check if this is a modified plan, and list below the sections of the plan that have been changed.

_____ Pre-confirmation modification

_____ Post-confirmation modification

_____

_____

## District of South Carolina

## Chapter 13 Plan

12/17

---

### Part 1:   Notices

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ____ Included | ✓ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ✓ Included | ___ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ✓ Included | ___ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ✓ Included | ___ Not included |

---

### Part 2:   Plan Payments and Length of Plan

**2.1**      The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$ 2365 __ per month for __ sixty (60) __ months

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

| Debtor | Tmars and Stephanie McCallum | Case Number | 19-03385-JW |

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2     **Regular payments to the trustee will be made from future income in the following manner:**

     ___     The debtor will make payments pursuant to a payroll deduction order.

     ___     The debtor will make payments directly to the trustee.

     ✓     Other (specify method of payment ): tfsbillpay.com

2.3     **Income tax refunds.**

     ✓     The debtor will retain any income tax refunds received during the plan term.

     ___     The debtor will treat income tax refunds as follows:

2.4     **Additional payments.**

     ✓     **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:     Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

3.1     **Maintenance of payments and cure or waiver of default, if any.**

     *Check all that apply.  Only relevant sections need to be reproduced.*

     ___     None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

     ✓     **3.1( c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

**3.2 Request for valuation of security and modification of undersecured claims.**

   ✓    **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

     *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

**3.3     Other secured claims excluded from 11 U.S.C.  § 506 and not otherwise addressed herein.**

   ___ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

   ✓    The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor | Disbursed by: |
|---|---|---|---|---|---|
| Credit Acceptance Corp | 2016 Kia Optima | $11,093.46 | 6.25% | $253 (or more) | Trustee |
| Farmers Furniture | Household goods | $1021.92 | 6.25% | $30 (or more) | Trustee |
| Regional Acceptance | 2018 Dodge Journey | $30,000 | 6.25% | $584 (or more) | Trustee |

**3.4 Lien avoidance.**

   ___ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

Debtor ___Tmars and Stephanie McCallum___                                              Case Number ___19-03385-JW___

✓   The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would
have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be
avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is
avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided
will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide
the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/ unavoidable liens | Applicable Exemption and Code Section | Value of Debtor's interest in property | Amount of lien Not avoided (To be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| American 1st Finance - household goods | $807 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $807 |
| Coastal Anesthesia Medical Group - judgment on real property located at 4993 Southgate Parkway, Myrtle Beach, SC 29579 | $1860 | $159,415 | $10,585 – S.C. Code Ann. § 15-41-30(A)(1)(a) | $170,000 | $0 | $1860 |
| Credit Central - household goods | $650 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $650 |
| Credit Central - household goods | $642 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $642 |
| First Beach Finance - judgment on real property located at 4993 Southgate Parkway, Myrtle Beach, SC 29579 | $1729 | $159,415 | $10,585 – S.C. Code Ann. § 15-41-30(A)(1)(a) | $170,000 | $0 | $1729 |
| Mariner Finance - household goods | $1250 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1250 |
| National Finance - household goods | $1800 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1800 |
| Regional Finance - household goods | $4428 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $4428 |
| Regional Finance - household goods | $3785 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $3785 |
| Security Finance - household goods | $1600 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1600 |

| | | | | | |
|---|---|---|---|---|---|
| Southern Finance - household goods | $1080 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1080 |
| Sunset Finance - household goods | $1000 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1000 |
| Sunset Finance - household goods | $1080 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1080 |
| West Creek Financial - household goods | $1686 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1686 |
| World Finance Corp - household goods | $1160 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1160 |
| World Finance - household goods | $1392 | $1021.92 | $1,000 - S.C. Code Ann. § 15-41-30(A)(3) | $2,000 | $0 | $1392 |

**3.5 Surrender of collateral.**

_✓_ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:**      Treatment of Fees and Priority Claims

**4.1 General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

a.      The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.      If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domesti support obligations treated below, on a pro rata basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

___ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

a.      Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

b.      The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c.      Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property

Debtor    Tmars and Stephanie McCallum                    Case Number    19-03385-JW

that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

   ✓  **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**Part 5:**    Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.
   ✓  The debtor estimates payments of less than 100% of claims.
   ___  The debtor proposes payment of 100% of claims.
   ___  The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

   ✓  **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

   ✓  **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**Part 6:**    Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*
   ✓  **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**Part 7:**    Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**
   ✓  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

   ___  **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

**Part 8:**    Nonstandard Plan Provisions

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
   ___  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*
*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

*(a)*    **Mortgage payments to be disbursed by the Trustee ("Conduit"):**

In addition to the below, the provisions of the assigned Judge's Operating Order In re:  Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.
Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

Debtor  Tmars and Stephanie McCallum                    Case Number  19-03385-JW

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| Carrington Mortgage | TMS# 1634001037<br><br>Real property located at 4993 Southgate Pkwy Myrtle Beach, SC 29579 | $1124<br><br>Escrow for insurance: yes<br><br>Escrow for taxes: yes | $38 or more | $2350 | $40 or more |

* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

** The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.

**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.

Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

**(b)      Debtor's Statement in Support of Confirmation.**

*The debtors, by their signatures below, hereby state that they understand the following:*

*(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors;*

*(2) The consequences of any default under the plan, including the direct payments to creditors; and*

*(3) That debtor(s) may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.*

**( c)      Reservation of Rights**

*Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.*

**(d)      **The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.*

**Part 9:**  Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney.**      *The debtor and the attorney for the debtor, if any, must sign below.*

X  /s/ Tmars Lavon McCallum_____          X /s/ Stephanie Thompson McCallum_____

    Tmars Lavon McCallum                              Stephanie Thompson McCallum


Executed on __ July 9, 2019_____          Executed on __July 9, 2019_____


X___/s/ R. Michael Drose_____          Date____July 9, 2019_____
        R. Michael Drose DCID#609
        Drose Law Firm
        3955 Faber Place Drive, Suite 103
        Charleston, SC 29405
        843-767-8888; 843-620-1035 fax
        drose@droselaw.com


By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>TMARS LAVON MCCALLUM<br>Last four digits of social security #: 7113<br>STEPHANIE THOMPSON MCCALLUM<br>Last four digits of social security #: 1297<br>4993 Southgate Pkwy<br>Myrtle Beach, SC 29579<br><br><br>                                   Debtors. | CASE NO: 19-03385-JW<br><br>CHAPTER 13<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the below stated date.  The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Chapter 13 Trustee


Date: July 9, 2019                         BY:  /s/ Ashlee Jack_____
                                          Ashlee Jack
                                          Office Personnel
                                          Drose Law Firm
                                          3955 Faber Place Drive, Suite 103
                                          Charleston, SC 29405
                                          Phone:  843-767-8888
                                          Fax:  843-620-1035
                                          drose@droselaw.com

Label Matrix for local noticing
0420-2
Case 19-03385-jw
District of South Carolina
Charleston
Tue Jul  9 13:29:07 EDT 2019

ACS PRIMARY CARE PHYSICIANS SOUTHEAST
WAKEFIELD AND ASSOCIATES
PO BOX 50250
KNOXVILLE,TN 37950-0250

American 1st Finance
PO Box 565848
Dallas TX 75356-5848

American Credit Acceptance
961 E. Main Street, 2nd Floor
Spartanburg SC 29302-2185

Attorney General of The US
Civil Division Bankruptcy Section
US Department of Justice
Washington DC 20530-0001

Avio Credit
PO Box 780408
Wichita KS 67278-0408

Ann U. Bell
Drose Law Firm
3955 Faber Place Dr. Ste 103
Charleston, SC 29405-8565

Carrington Mortgage
PO Box 79001
Phoenix AZ 85062-9001

Coastal Anesthesia Medical Group
c/o Michael H Sartip Esquire
PO Box 808
Myrtle Beach SC 29578-0808

Conway Medical Center
300 Singleton Ridge Road
Conway, SC 29526-9142

Credit Acceptance
25505 W 12 Mile Road
Suite 3000
Southfield MI 48034-8331

Credit Acceptance Corp
PO Box 513
Southfield MI 48037-0513

Credit Central
117 River Town Blvd
Conway SC 29526-4472

Doctors Care
PO Box 63418
Charlotte NC 28263-3418

R. Michael Drose
3955 Faber Place Drive
Suite 103
North Charleston, SC 29405-8565

(p)FARMERS FURNITURE
ATTN CORPORATE CREDIT DEPT
PO BOX 1140
DUBLIN GA 31040-1140

Farmers Home Furniture-Conway, SC
Attn: Corporate Credit Department
P.O. Box 1140
Dublin, GA 31040-1140

First Beach Finance
865 US Hwy 17 S
North Myrtle Beach SC 29582-3428

First Premier Bank
PO Box 5147
Sioux Falls SD 57117-5147

Grand Strand Credit
2126 SC-9 Unit F3
Longs SC 29568

Horry County Tax Collector
Department 98
PO Box 100216
Columbia SC 29202-3216

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Mariner Finance
10772 Kings HWY
Myrtle Beach SC 29572

Stephanie Thompson McCallum
4993 Southgate Pkwy
Myrtle Beach, SC 29579-4151

Tmars Lavon McCallum
4993 Southgate Pkwy
Myrtle Beach, SC 29579-4151

National Finance
865 US Hwy 17
North Myrtle Beach SC 29582-3428

REGIONAL MANAGEMENT CORP
979 BATESVILLE RD., SUITE B
GREER, SC 29651-6819

Regional Acceptance
PO Box 61476
Virginia Beach VA 23466-1476

Regional Finance
854 Jason Blvd, Ste C
Myrtle Beach SC 29577-6705

SC Department of Revenue
PO Box 12265
Columbia SC 29211-2265

SFC Central Bankruptcy
PO Box 1893
Spartanburg, SC 29304-1893

(p)SECURITY FINANCE CENTRAL BANKRUPTCY
P O BOX 1893
SPARTANBURG SC 29304-1893

(p)SOUTHERN MANAGEMENT
PO BOX 1947
GREENVILLE SC 29602-1947

Strayer University
5010 Wetland Crossing
North Charleston SC 29418-6951

Sunset Finance
1016 3rd Avenue
Conway SC 29526-5102

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

Total Visa
PO Box 85710
Sioux Falls SD 57118-5710

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

US Attorney for South Carolina
For The Internal Revenue Service
1441 Main Street Suite 500
Columbia SC 29201-2897

University of Phoenix
4615 E Elwood  St. Floor 3
Phoenix AZ 85040-1950

Wells Fargo Bank N.A., et al
c/o PROBER & RAPHAEL, A LAW CORPORATION
20750 Ventura Boulevard, Suite 100
Woodland Hills, CA 91364-6207

West Creek Financial
PO Box 5518
Glen Allen VA 23058-5518

World Finance Corp
PO Box 6429
Greenville SC 29606-6429

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Farmers Furniture
Attn Corp Credit Dept
PO Box 1140
Dublin GA 31040

Internal Revenue Service
1835 Assembly Street
Stop MDP 39
Columbia SC 29201

Security Finance
1111 3rd Ave
Myrtle Beach SC 29577

Southern Finance
1317 Third Avenue Unit C
Conway SC 29526

TMobile
PO Box 53410
Bellevue WA 98015

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia PA 19101-7346

End of Label Matrix
Mailable recipients    44
Bypassed recipients     1
Total                  45